# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| NEW PRIME, INC., d/b/a PRIME, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:19-cv-03236-MDH |
| | ) | |
| AMAZON TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Amazon's Partial Motion to Dismiss Second Amended Complaint and Suggestions in Support. (Doc. 89). Amazon's motion seeks to dismiss Count IV (Federal Trademark Dilution) and Count V (Missouri Trademark Dilution) of the Second Amended Complaint. The motion is ripe for review.

## BACKGROUND

Plaintiff New Prime Inc., d/b/a Prime Inc. ("Prime Inc."), has brought this action against Amazon seeking preliminary and permanent injunctive relief and monetary damages for Amazon's alleged acts of trademark and/or service mark infringements, trademark and/or service mark dilution, and unfair competition, as well as cancellation of U.S. Registration No. 3,234,643 for fraud. Plaintiff's Complaint alleges, in part, it is the owner of the common law standard character mark PRIME INC. which has become well known and famous through its extensive and continuous use and promotion of the marks in commerce throughout the U.S. for forty years in connection with transportation, trucking, and shipping services.

Defendant's motion to dismiss claims that Prime Inc.'s allegations fail to allege that its purported common law marks are famous, which is required to state a claim for trademark dilution,

and as a result that the claims should be dismissed. Defendant argues Prime Inc.'s purported mark "comes nowhere near the level of general public prominence held by the rarified few that have been held to clear the 'famous' hurdle for dilution claims" and therefore should be dismissed.

## STANDARD

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## ANALYSIS

The Court has carefully reviewed the pleadings and finds that Prime Inc. has pled enough to survive a motion to dismiss Counts IV and V. The Court finds the current Complaint puts Amazon on notice of the pending claims for trademark dilution. Whether or not Prime Inc. will be able to substantiate its claims or prove that its common law marks meet the standard of "fame"

for the purposes of its dilution claims shall be determined at a later stage of litigation. The Court finds it is improper to dismiss the claims at this early stage. Taking Plaintiff's allegations as true for purposes of analyzing a motion to dismiss, the Court finds the amended complaint alleges dilution claims under the applicable pleading standard. As such, the motion to dismiss is denied.

In addition, Plaintiff has requested that it be granted leave to amend its dilution claims. While the Court denies the motion to dismiss for the reasons set forth herein, if Plaintiff still wants to file its proposed Third Amended Complaint (Doc. 91-4) it is granted leave to do so and has 5 days from the date of this Order to file the amended complaint.

## CONCLUSION

Wherefore, for the reasons set forth herein, Amazon's partial motion to dismiss Counts IV and V of the Second Amended Complaint is denied. (Doc. 89).

**IT IS SO ORDERED.**

DATED: August 13, 2020

                                                 */s/ Douglas Harpool*
                                                 **DOUGLAS HARPOOL**
                                                 **UNITED STATES DISTRICT JUDGE**