## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| NEW PRIME, INC., D/B/A PRIME, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 6:19-cv-03236-MDH |
| v. | ) ) | |
| AMAZON LOGISTICS, INC., AMAZON.COM SERVICES LLC, and AMAZON TECHNOLOGIES, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## THIRD AMENDED COMPLAINT

Plaintiff New Prime, Inc., d/b/a Prime Inc. ("Prime Inc."), for its Third Amended Complaint against Defendants Amazon Logistics, Inc. ("Amazon Logistics"), Amazon.com Services LLC ("Amazon.com Services"), and Amazon Technologies, Inc. ("Amazon Technologies") (collectively, "Amazon"), alleges as follows:

### INTRODUCTION

1.      In this action, Prime Inc. seeks preliminary and permanent injunctive relief and monetary damages for Amazon's acts of trademark and/or service mark infringement, trademark and/or service mark dilution, and unfair competition, as well as cancellation of U.S. Registration No. 3,234,643 for fraud. This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act") and the laws of the State of Missouri.

2.      Prime Inc. is the owner of the common law standard character mark PRIME INC. (the "PRIME INC. Word Mark") and the common law stylized mark PRIME INC. (the "PRIME INC. Stylized Mark"), depicted below (collectively, the "PRIME INC. Marks"), which

have become well known and famous through Prime Inc.'s extensive and continuous use and promotion of the marks in commerce throughout the United States for forty years in connection with transportation, trucking, and shipping services classified by the United States Patent and Trademark Office ("USPTO") in Class 39:



3.　　Amazon has used and continues to use confusingly similar marks (the "Accused Marks," described below) in connection with the transportation of goods via trailer trucks and other shipping and transportation vehicles in commerce, in violation of Prime Inc.'s exclusive rights in the PRIME INC. Marks for the same or related services. Amazon has done so with knowledge of the PRIME INC. Marks and in willful violation of Prime Inc.'s exclusive rights in the PRIME INC. Marks.

4.　　Amazon's use of the Accused Marks in connection with the transportation of goods via trailer trucks and other shipping and transportation vehicles in commerce has also harmed Prime Inc.'s reputation and goodwill and diluted the distinctive quality of the famous PRIME INC. Marks.

5.　　As a result of Amazon's unlawful acts, Prime Inc. has suffered, is suffering, and, unless these unlawful acts are preliminarily and permanently enjoined by the Court, will continue to suffer immediate and irreparable injury to its business, reputation, and goodwill for which there is no adequate remedy at law. Prime Inc. therefore is entitled to preliminary and permanent injunctive relief, as well as monetary damages, costs, and attorney's fees, as detailed below.

6.      In addition, U.S. Registration No. 3,234,643 should be cancelled pursuant to 15 U.S.C. § 1119 because, as detailed below, Amazon Technologies procured this registration by making false and fraudulent statements to the USPTO examining attorney assigned to the application from which the registration issued.

## PARTIES

7.      Prime Inc. is a Nebraska corporation with its principal place of business located at 2740 North Mayfair Avenue, Springfield, Missouri 65803.  Prime Inc. has been registered to conduct business in Missouri since 1986.

8.      Amazon Logistics is a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98126.

9.      Amazon.com Services is a Delaware limited liability company with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

10.     Amazon Technologies is a Nevada corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

11.     On information and belief, Amazon Technologies owns the Accused Marks.

12.     On information and belief, Amazon Logistics, Amazon.com Services, and Amazon Technologies use the Accused Marks in connection with the transportation of goods via trailer trucks and other shipping and transportation vehicles in commerce, and thus are responsible for the acts of infringement, unfair competition, and dilution described herein.  Amazon Logistics specifically bills itself as "Amazon's delivery service," and the amazon.com website indicates that "[o]rders shipped by Amazon Logistics will show as shipped with Amazon."

## JURISDICTION AND VENUE

13.     The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338, and 1367(a).  The Court has original subject matter jurisdiction over Counts I, IV, and VI pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).  The Court has supplemental subject matter jurisdiction over Counts II, III, and V pursuant 28 U.S.C. § 1367(a); these claims are so related to Counts I, IV, and VI, over which the Court has original subject matter jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.  The Court also has original subject matter jurisdiction over Count III pursuant to 28 U.S.C. § 1338(b).

14.     Amazon is subject to this Court's specific and general personal jurisdiction pursuant to principles of due process and/or the Missouri long-arm statute, Mo. Rev. Stat. § 506.500, because Amazon committed the wrongful acts identified in this Complaint in this District and the State of Missouri and regularly conducts and/or solicit business, engages in other persistent courses of conduct, and/or derives substantial revenue from the sale of goods and services to persons and/or entities in this District and the State of Missouri.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Prime Inc.'s claims occurred in this District and because Amazon is subject to personal jurisdiction in this District.

## BACKGROUND

### Prime Inc. and the PRIME INC. Marks

16.     Prime Inc. is a leading transportation company founded in 1970 that provides refrigerated, flatbed, tanker, and intermodal transportation, trucking, and shipping services throughout the United States and internationally.

17.     Prime Inc. currently has more than 14,500 remotely-monitored, temperature-controlled trailers in service throughout the United States and internationally and projects growth of 1,500 to 3,000 additional trailers per year.

18.     Prime Inc. is one of the largest and most successful freight carriers in the United States.  Prime Inc. distributes and provides its transportation, trucking, and shipping services in all 48 contiguous U.S. states, as well as in Canada and Mexico, through its network of approximately 7,000 trucks and more than 14,500 trailers operated by thousands of drivers.

19.     Since at least as early as January 30, 1980, Prime Inc. has continuously used the PRIME INC. Marks in commerce throughout the United States, including in the State of Missouri, and internationally in connection with its transportation, trucking, and shipping services.

20.     Since at least as early as January 1, 1990, Prime Inc. has continuously used the PRIME INC. Marks in commerce throughout all 48 contiguous U.S. states, as well as in Canada and Mexico.

21.     Prime Inc. has prominently displayed the PRIME INC. Marks, for example, on its website, on various social media platforms, in written advertisements and promotional materials, and on each of its approximately 7,000 trucks and more than 14,500 trailers operated throughout all 48 contiguous U.S. states, as well as in Canada and Mexico.  Representative specimens of Prime Inc.'s use of the PRIME INC. Marks in commerce are attached collectively as **Exhibit A**.

22.     Prime Inc. has expended substantial effort and resources in marketing, advertising, and promoting its transportation, trucking, and shipping services under the PRIME INC. Marks throughout the United States and internationally.

23.     Every year since at least 2009, Prime Inc.'s trucks have traveled over 500 million miles throughout all 48 contiguous U.S. states.  Every year since at least 2015, Prime Inc.'s trucks and trailers have traveled over 700 million miles throughout all 48 contiguous U.S. states.  These trucks and trailers operate not only as vessels to transport goods, but also as traveling "billboards" for Prime Inc. and its services—billboards prominently and conspicuously placed before the eyes of drivers and passengers on interstates, highways, and roads throughout all 48 contiguous U.S. states every single day for at least the last 30 years.

24.     In addition to advertising its services through the display of the PRIME INC. Marks on its thousands of trucks and trailers traveling throughout all 48 contiguous U.S. states, Prime Inc. also advertises its services through direct consultation and solicitation by its network of sales representatives throughout the United States, Canada, and Mexico.

25.     Prime Inc. also uses more traditional methods of advertising, including print media (*e.g.*, Prime Inc.'s Prime Ways magazine) and other written advertisements and promotional materials disseminated to consumers and the general public throughout the United States for at least the last forty years.

26.     In addition, Prime Inc. has prominently displayed the PRIME INC. Marks on its website since at least 1996, and on various social media platforms (including Facebook, Instagram, Twitter, YouTube, and LinkedIn) since at least 2011.  Prime Inc. has also advertised its services under the PRIME INC. Marks via the nationwide sale of branded apparel and accessories through its online store located at www.primeincstore.com since at least 2012.

27.     Every year since at least 2013, and in addition to its ubiquitous advertising on its trucks and trailers, Prime Inc. has spent multiple millions of dollars on U.S. advertising to promote its services.

6

28. Prime Inc.'s annual revenue on sales of goods and/or services offered under the PRIME INC. marks is in the billions of dollars, and has been for each year since at least 2011.

29. Prime Inc. employs more than 8,500 drivers nationwide.

30. Prime Inc. has operated a network of more than 4,500 trucks and more than 7,000 trailers throughout all 48 contiguous U.S. states every year since at least 2011.

31. Prime Inc. has operated facilities throughout the United States, including in Springfield, Missouri; Pittston, Pennsylvania; Salt Lake City, Utah; Denver, Colorado; Laredo, Texas; Sherwood, Oregon; Oxnard, California; Auburndale, Florida; Miami, Florida; Pierson, Florida; Reed City, Michigan; Lewiston, Maine; Olney, Illinois; Decatur, Indiana; Port Wentworth, Georgia; Bellingham, Washington; and Duke, Oklahoma.

32. The PRIME INC. Marks are arbitrary in that their dominant component—the word "prime"—has a meaning that has no direct relation to Prime Inc.'s services. As such, the PRIME INC. Marks are inherently distinctive identifiers of Prime Inc. and its services.

33. At the very least, as a result of Prime Inc.'s extensive and continuous use and promotion of the PRIME INC. Marks in connection with its transportation, trucking, and shipping services throughout the United States and internationally for four decades, the PRIME INC. Marks have acquired secondary meaning as distinctive identifiers of Prime Inc. and its services.

34. As a result of Prime Inc.'s extensive and continuous use and promotion of the PRIME INC. Marks in connection with its transportation, trucking, and shipping services throughout the United States and internationally for four decades, the PRIME INC. Marks have become well and favorably known, and famous, to consumers and the general public throughout the United States as associated with Prime Inc., its services, and its widespread recognition and

reputation as a leader in the transportation, trucking, and shipping industry. Prime Inc. therefore has established substantial and valuable goodwill in the PRIME INC. Marks, which have become valuable assets of Prime Inc.

35.     For all of the foregoing reasons, Prime Inc. has established significant common law rights in the PRIME INC. Marks throughout the entire United States, including in the State of Missouri.

**Prime Inc.'s Applications to Register the PRIME INC. Marks**

36.     On December 16, 2011, Prime Inc. filed U.S. Application Serial No. 85/497,826 for the PRIME INC. Stylized Mark covering "[t]ransportation services by truck" in Class 39, described and shown in paragraph 2 above, based on first use anywhere and first use in interstate commerce as early as January 30, 1980.

37.     The USPTO examining attorney assigned to U.S. Application Serial No. 85/497,826 refused to register the PRIME INC. Stylized Mark, citing to Amazon Technologies' U.S. Registration No. 3,234,643 described in paragraph 42 below, and finding a likelihood of confusion based on the presumptive overlap in services offered in connection with the parties' marks and the "identical" nature of the dominant component of the marks. Copies of the examining attorney's Office Actions dated March 31, 2012, October 29, 2012, and May 23, 2013, are attached as **Exhibits B, C, and D**, respectively.

38.     U.S. Application Serial No. 85/497,826 abandoned on April 2, 2014.

39.     On August 18, 2017, Prime Inc. filed U.S. Application Serial No. 87/575,242 for the PRIME INC. Word Mark covering "[t]ransportation services by truck" in Class 39 based on first use anywhere and first use in interstate commerce as early as January 30, 1980.

40.     In an Office Action dated October 31, 2017, the USPTO examining attorney assigned to U.S. Application Serial No. 87/575,242 cited to, *inter alia*, certain applications filed by Amazon Technologies prior to U.S. Application Serial No. 87/575,242—including U.S. Application Serial Nos. 87/394,793, 87/394,812, 87/177,080, and 87/033,547, described below in paragraphs 45, 48, and 51—as bases for the refusal of registration of the PRIME INC. Word Mark "because of a likelihood of confusion with" these PRIME-formative marks.  A copy of this Office Action is attached as **Exhibit E**.

41.     On January 24, 2018, Prime Inc. filed a Notice of Opposition in the USPTO's Trademark Trial and Appeal Board in which it opposed Amazon Technologies' U.S. Application Serial Nos. 87/394,793 and 87/394,812 on the grounds of likelihood of confusion under § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), false suggestion of connection under § 2(a) of the Lanham Act, 15 U.S.C. § 1052(a), and no bona fide intent to use under § 1 of the Lanham Act, 15 U.S.C. § 1051.

42.     On May 22, 2018, the USPTO examining attorney suspended further action on U.S. Application Serial No. 87/575,242 in view of, *inter alia*, Prime Inc.'s Notice of Opposition relating to Amazon Technologies' U.S. Application Serial Nos. 87/394,793 and 87/394,812.  As a further basis for suspension, the examining attorney stated that "action on [U.S. Application Serial No. 87/575,242] is suspended until the earlier-filed referenced application(s) [including those referenced in paragraph 32 above] is either registered or abandoned."   A copy of the examining attorney's Suspension Notice is attached as **Exhibit F**.

**Amazon's Accused Marks**

43.     Decades after Prime Inc. began using the PRIME INC. Marks in commerce throughout the United States in connection with transportation, trucking, and shipping services,

Amazon began seeking to register similar PRIME-formative marks in connection with Class 39 services. These marks (collectively, the "Accused Marks") are reflected in U.S. Application Serial Nos. 78/559,146, 87/033,547, 87/033,480, 87/177,080, 87/394,793, and 87/394,812, and are described in paragraphs 36 through 55 below.

44.     On February 2, 2005, Amazon Technologies filed U.S. Application Serial No. 78/559,146 to register the standard character mark PRIME (the "PRIME Word Mark") on the Principal Register for the following Class 35 and Class 39 services:

> Class 35: Customer loyalty program featuring discounted shipping services; retail services, namely, membership-based shipping program, variable rate shipping program.
>
> Class 39: Expedited shipping service.

A copy of U.S. Application Serial No. 78/559,146 is attached as **Exhibit G**.

45.     Amazon Technologies filed U.S. Application Serial No. 78/559,146 under § 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), alleging an intent to use the PRIME Word Mark in connection with the foregoing Class 35 and Class 39 services.

46.     In U.S. Application Serial No. 78/559,146, Amazon Technologies declared that all statements in the Application were "true"—including Amazon Technologies' statement that it had "a bona fide intention to use or use through [Amazon Technologies'] related company or licensee the [PRIME Word Mark] in commerce on or in connection with the identified goods and/or services." (Ex. G.)

47.     In an Office Action dated August 31, 2005, the USPTO examining attorney found that "[t]he wording used to describe the [claimed] services needs clarification to enable proper classification." With respect to the claimed "[e]xpedited shipping service" in Class 39, the examining attorney proposed adding the qualifier "for others" to the end of Amazon

Technologies' original description, such that the amended description covered an "[e]xpedited shipping service **for others**." The examining attorney stated, however, that Amazon Technologies could adopt this amendment only "*if accurate*." Upon receiving Amazon Technologies' express "authoriz[ation] on November 2, 2005," the examining attorney adopted this amended description by way of an Examiner's Amendment dated November 4, 2005, and issued a Notice of Allowance reflecting this amended description on July 18, 2006.[1] Copies of the Office Action, Examiner's Amendment, and Notice of Allowance are attached as **Exhibits H, I, and J**, respectively.

48. On November 29, 2006, Amazon Technologies filed a Statement of Use under § 1(d) of the Lanham Act, 15 U.S.C. § 1051(d), alleging a date of first use of the PRIME Word Mark with respect to all claimed services of February 2, 2005—the date on which U.S. Application Serial No. 78/559,146 was filed. The same day, Amazon Technologies submitted one specimen of use with respect to all claimed services—a printout of the amazon.com website dated November 28, 2006. Copies of the Statement of Use and supporting specimen are attached collectively as **Exhibit K**.

49. In the Statement of Use, Amazon Technologies declared that all statements in the Statement of Use were "true"—including Amazon Technologies' statements that it "is using or is using through a related company or licensee the [PRIME Word Mark] in commerce on or in connection with the goods and/or services" listed in Class 35 and Class 39, and that the PRIME

---

[1] The examiner also adopted the following amended description of the claimed services in Class 35: "Customer loyalty program services featuring **rewards in the form of** discounted shipping services; retail services, namely, ~~membership-based shipping program, variable rate shipping program~~ **administration of a discount program for enabling participants to obtain discounts on shipping services through use of a discount membership card**."

Word Mark "was first used by [Amazon Technologies], or [its] related company, licensee, or predecessor in interest" in this manner "at least as early as 02/02/2005." (Ex. K.)

50.     Based on Amazon Technologies' Statement of Use, on April 24, 2007, the USPTO registered the PRIME Word Mark on the Principal Register for the following Class 35 and Class 39 services:

> Class 35: Customer loyalty program services featuring rewards in the form of discounted shipping services; retail services, namely, administration of a discount program for enabling participants to obtain discounts on shipping services through use of a discount membership card.

> Class 39: Expedited shipping service for others.

A copy of the Certificate of Registration for the PRIME Word Mark—U.S. Registration No. 3,234,643 (the "PRIME Registration")—is attached as **Exhibit L**.

51.     On April 16, 2013, Amazon Technologies filed a Declaration of Use under § 8 of the Lanham Act, 15 U.S.C. § 1058, again declaring as "true" that the PRIME Word Mark "is in use in commerce on or in connection with all goods/services . . . listed in the existing registration"—including an "[e]xpedited shipping service for others" under Class 39.  The same day, Amazon Technologies filed a Declaration of Incontestability under § 15 of the Lanham Act, 15 U.S.C. § 1065, in which it made identical allegations of use, as well as one specimen of use for all claimed services—another printout of the amazon.com website.  Copies of the Declaration of Use, Declaration of Incontestability, and supporting specimen are attached collectively as **Exhibit M**.

52.     On April 26, 2017, Amazon Technologies filed a combined Declaration of Use and Application for Renewal under §§ 8 and 9 of the Lanham Act, 15 U.S.C. §§ 1058–59, again declaring as "true" that the PRIME Word Mark "is in use in commerce on or in connection with

all goods/services . . . listed in the existing registration"—including an "[e]xpedited shipping service for others" under Class 39. The same day, Amazon Technologies submitted one specimen of use with respect to all claimed services—another printout of the amazon.com website. Copies of the combined Declaration of Use and Application for Renewal and supporting specimen are attached collectively as **Exhibit N**.

53. On May 11, 2016, Amazon Technologies filed U.S. Application Serial Nos. 87/033,547 and 87/033,480 to register the standard character mark PRIME GT (the "PRIME GT Word Mark") and the standard character mark GT PRIME (the "GT PRIME Word Mark"), respectively, on the Principal Register for, *inter alia*, the following Class 39 services:

> Transport, storage, shipping and delivery of goods; providing a website featuring information in the field of transportation; rental of storage containers; mailbox rental; travel arrangement for others, namely, travel booking agencies and arranging travel tours; travel clubs; providing a web site featuring travel information and commentary.

Copies of U.S. Application Serial Nos. 87/033,547 and 87/033,480 are attached as **Exhibits O and P**, respectively.

54. Amazon Technologies filed U.S. Application Serial Nos. 87/033,547 and 87/033,480 under § 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), alleging an intent to use the standard character marks PRIME GT and GT PRIME in connection with the foregoing Class 39 services.

55. Pursuant to an examiner's amendment, the description of Class 39 services set forth in U.S. Application Serial Nos. 87/033,547 and 87/033,480 was changed to the following:

> Transport, storage, shipping and delivery of goods; providing a website featuring information in the field of transportation; rental of storage containers; mailbox rental; travel arrangement for others, namely, travel booking agencies and arranging **transport**

**for** travel tours; travel clubs; providing a web site featuring travel information and commentary.

56.     On September 20, 2016, Amazon Technologies filed U.S. Application Serial No. 87/177,080 to register the standard character mark PRIME AIR (the "PRIME AIR Word Mark") on the Principal Register for the following Class 39 services:

> Transport; packaging and storage of goods; travel arrangement; expedited shipping service for others.

A copy of U.S. Application Serial No. 87/177,080 is attached as **Exhibit Q**.

57.     Amazon Technologies filed U.S. Application Serial No. 87/177,080 under § 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), alleging an intent to use the PRIME AIR Word Mark in connection with the foregoing Class 39 services.

58.     In response to an Office Action by the USPTO examining attorney, Amazon Technologies amended the description of Class 39 services set forth in U.S. Application Serial No. 87/177,080 as follows:

> ~~Transport;~~ **Air transport; transport of goods;** packaging and storage of goods; ~~travel arrangement;~~ **coordinating travel arrangements for individuals and for groups;** expedited shipping service **of goods** for others.

59.     On March 31, 2017, Amazon Technologies filed U.S. Application Serial Nos. 87/394,793 and 87/394,812 to register the following marks on the Principal Register for, *inter alia*, the following Class 39 services:

> Transport of goods; providing a website featuring information in the field of transportation; shipping, delivery, and storage of goods; freight transportation by means of truck, train and air; goods warehousing; packaging articles for transportation; merchandise packaging for others; rental of storage containers; mailbox rental; locating and arranging for reservations for storage space for others; courier services; messenger services; expedited shipping services, namely, arranging for freight transportation by means of truck, train and air; distribution services, namely,

providing online services which afford customers the ability to select a distribution point for goods purchased on the Internet; membership-based truck, train, and air shipping programs; coordinating travel arrangements for individuals and for groups; travel booking agencies; providing a web site featuring travel information and commentary.

**U.S. Application Serial No. 87/394,793**
**(no color claimed)**



**U.S. Application Serial No. 87/394,812**
**("color[] blue" claimed)**



Copies of U.S. Application Serial Nos. 87/394,793 and 87/394,812 are attached as **Exhibits R and S**, respectively.

60.      Amazon Technologies filed U.S. Application Serial Nos. 87/394,793 and 87/394,812 under § 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), alleging an intent to use the foregoing marks (collectively, the "PRIME Stylized Marks") in connection with the foregoing Class 39 services.

15

61.      In Office Actions dated June 1, 2017, the USPTO examining attorney assigned to U.S. Application Serial Nos. 87/394,793 and 87/394,812 found that Amazon Technologies' description of Class 39 services set forth in these applications required clarification. Specifically, the examining attorney found that the phrase "expedited shipping services, namely, arranging for freight transportation by means of truck, train and air" required clarification because "arranging for transportation identifies class 35 services." Copies of these Office Actions are attached as **Exhibits T and U**.

62.      In response to the foregoing Office Actions, Amazon Technologies amended the description of Class 39 services set forth in U.S. Application Serial Nos. 87/394,793 and 87/394,812 as follows:

> Transport of goods; providing a website featuring information in the field of transportation; shipping, delivery, and storage of goods; freight transportation by means of truck, train and air; goods warehousing; packaging articles for transportation; merchandise packaging for others; rental of storage containers; mailbox rental; locating and arranging for reservations for storage space for others; courier services; messenger services; ~~expedited shipping services, namely, arranging for freight transportation by means of truck, train and air;~~ distribution services, namely, providing online services which afford customers the ability to select a distribution point for goods purchased on the Internet; membership-based truck, train, and air shipping programs; coordinating travel arrangements for individuals and for groups; travel booking agencies; providing a web site featuring travel information and commentary.

Copies of Amazon Technologies' amendments are attached as **Exhibits V and W**.

63.      In addition, pursuant to the USPTO examining attorney's statement that "arranging for transportation identifies class 35 services," Amazon Technologies added to its description of Class 35 services the phrase "expedited shipping services, namely, arranging for freight transportation by means of truck, train and air" which it had removed from its description

of Class 39 services.  In doing so, Amazon Technologies finally admitted to the USPTO what it had previously intentionally obscured in connection with the prosecution of U.S. Application Serial No. 78/559,146 and the renewal of the PRIME Registration—that its "expedited shipping services" were not actual transportation services registrable in Class 39, but rather at best pertained to "*arranging* for freight transportation" in Class 35.  (Exs. V–W.)

**Amazon's Infringement of the PRIME INC. Marks and Unfair Competition**

64.     Decades after Prime Inc. began using the PRIME INC. Marks in commerce throughout the United States in connection with transportation, trucking, and shipping services, Amazon began using the Accused Marks on trailer trucks and other shipping and transportation vehicles.

65.     In or about 2015, Amazon began transporting goods to its retail customers and Prime loyalty program members in commerce using trailer trucks and other shipping and transportation vehicles.  Since that time, Amazon has used these trailer trucks and other shipping and transportation vehicles to transport goods to its retail customers and Prime loyalty program members via the interstate highway system and other roadways, thoroughfares, and other transportation channels throughout the United States.  These are the same transportation channels in which Prime Inc. has provided its services since 1980 under the PRIME INC. Marks.

66.     In or about 2016 or 2017, nearly forty years after Prime Inc. first used the PRIME INC. Marks in commerce in connection with Prime Inc.'s transportation, trucking, and shipping service, Amazon began using one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles, in violation of Prime Inc.'s exclusive rights in the PRIME INC. Marks.  Examples of this use of one or more of the Accused Marks on such trailer trucks and other shipping and transportation vehicles in commerce are attached as **Exhibit X**.

67.     As the USPTO examining attorneys assigned to Prime Inc.'s applications to register the PRIME INC. Marks expressly recognized, the Accused Marks are confusingly similar to the PRIME INC. Marks.

68.     The Accused Marks are identical in appearance, sound, meaning, and commercial impression when compared to the PRIME INC. Marks, as the dominant component of each of these marks—the word "prime"—is the same.  The USPTO examining attorney recognized this in connection with the prosecution of the PRIME INC. Stylized Mark, U.S. Application No. 85/497,826.  In Office Actions dated March 31, 2012, and May 23, 2013, the examining attorney found that the word "prime" is the "dominant" component of both the PRIME INC. Stylized Mark and the PRIME Word Mark and, as such, is given greater weight than any minor stylistic differences between the marks.  (Exs. B, D.)  Further, as reflected in the USPTO examining attorneys' requirement that Prime Inc. disclaim the word "inc." in connection with U.S. Application Serial Nos. 85/497,826 and 87/575,242, the inclusion of this word does not materially distinguish the PRIME INC. Marks from the Accused Marks.  (*See* Exs. B–E.)  Likewise, in an Office Action dated July 14, 2017, the USPTO examining attorney assigned to U.S. Application Serial No. 87/177,080 for the PRIME AIR Word Mark required Amazon Technologies to disclaim the word "air," thereby recognizing that the inclusion of this word does not materially distinguish the PRIME INC. Marks from the PRIME AIR Word Mark.  A copy of this Office Action is attached as **Exhibit Y**.

69.     Amazon's use of one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce has caused and, unless enjoined by the Court, is likely to continue to cause confusion (including post-sale confusion), mistake, and/or deception among consumers and the general public as to whether some affiliation, connection, or

association exists between Amazon and Prime Inc., and/or as to the origin, sponsorship, or approval of the parties' goods and/or services.

70.     As a further result of Amazon's use of one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce, consumers have associated and are likely to continue to associate with Prime Inc. any defect, objection, or fault found with Amazon's services, both at and after the point of sale.

71.     As a further result of Amazon's use of one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce, consumers familiar with Prime Inc. and its transportation, trucking, and shipping services sold, offered for sale, and marketed under the PRIME INC. Marks are likely to purchase and/or associate goodwill to Amazon based on the erroneous assumption that Amazon's services are provided, authorized, sponsored, or endorsed by, or in some manner associated with, Prime Inc., both at and after the point of sale.

72.     As a further result of Amazon's use of one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce, consumers have erroneously assumed and are likely to continue to erroneously assume that Prime Inc.'s transportation, trucking, and shipping services are provided, authorized, sponsored, or endorsed by, or in some manner associated with, Amazon, both at and after the point of sale, and/or that Prime Inc. is somehow infringing the Accused Marks.

73.     As a further result of Amazon's use of one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce, Prime Inc. is hindered in its ability to control its goodwill and reputation, and the value of the PRIME INC. Marks as identifiers and symbols of Prime Inc.'s goodwill and reputation is diminished.

74.     Prime Inc. is aware of and has documented multiple instances of actual consumer confusion, including, without limitation, post-sale confusion.

75.     Amazon's use of one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce is without license or other authorization from Prime Inc.

76.     The confusion, mistake, and/or deception described above has caused and, unless Amazon's use of one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce is enjoined by the Court, will continue to cause substantial and irreparable harm to Prime Inc. and its business, reputation, and goodwill for which there is no adequate remedy at law.

77.     The substantial and irreparable harm suffered by Prime Inc. as a result of Amazon's use of one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce includes, but is not limited to, Prime Inc.'s inability to register the PRIME INC. Marks due to Amazon's claimed use of, or intent to use, the Accused Marks in connection with Class 39 services that are similar to Prime Inc.'s transportation, trucking, and shipping services and through identical transportation channels, which resulted in the USPTO examiner's finding of a likelihood of confusion.

78.     Amazon received actual notice of the PRIME INC. Marks and its infringement thereof in early 2017, first via written correspondence from Prime Inc. and subsequently via proceedings instituted by Prime Inc. in the Trademark Trial and Appeal Board.

79.     Nevertheless, Amazon has persisted in using one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce, and thereby has continued to infringe Prime Inc.'s exclusive rights in the PRIME INC. Marks and has

continued to engage in unfair competition in violation of the Lanham Act. Amazon's infringement and unfair competition are therefore intentional, willful, and malicious.

## COUNT I
### Federal Unfair Competition – 15 U.S.C. § 1125(a) – All Defendants

80. Prime Inc. realleges and incorporates herein by reference all preceding allegations as though fully set forth herein.

81. Prime Inc. is the owner of the PRIME INC. Marks and has used the PRIME INC. Marks continuously in commerce for forty years in connection with the sale, offer for sale, marketing, advertising, and promotion of its transportation, trucking, and shipping services.

82. Since approximately 2016 or 2017, Amazon has used one or more of the confusingly similar Accused Marks on trailer trucks and other shipping and transportation vehicles used to transport goods to Amazon's retail customers and Prime loyalty program members via the interstate highway system and other roadways, thoroughfares, and other transportation channels throughout the United States—the same transportation channels in which Prime Inc. has provided its services since 1980 under the PRIME INC. Marks—willfully and in conscious disregard of Prime Inc.'s exclusive rights as owner of the PRIME INC. Marks.

83. Amazon's use of one or more of the confusingly similar Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce has caused and is likely to continue to cause confusion (including post-sale confusion), mistake, and/or deception among consumers and the general public as to whether some affiliation, connection, or association exists between Amazon and Prime Inc., and/or as to the origin, sponsorship, or approval of the parties' goods and/or services.

84.     Amazon's use of one or more of the confusingly similar Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

85.     Amazon's unlawful acts described above have caused and, unless enjoined by the Court, will continue to cause substantial and irreparable harm to Prime Inc. and its business, reputation, and goodwill for which there is no adequate remedy at law.

86.     Amazon's unlawful acts described above are intentional, willful, and malicious.

87.     Prime Inc. is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, Amazon's profits, enhanced profits and damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1116 and 1117.

<u>COUNT II</u>
**Common Law Trademark Infringement – All Defendants**

88.     Prime Inc. realleges and incorporates herein by reference all preceding allegations as though fully set forth herein.

89.     Prime Inc. is the owner of the PRIME INC. Marks and has used the PRIME INC. Marks continuously in commerce, including in the State of Missouri, for forty years in connection with the sale, offer for sale, marketing, advertising, and promotion of its transportation, trucking, and shipping services.

90.     Since approximately 2016 or 2017, Amazon has used one or more of the confusingly similar Accused Marks on trailer trucks and other shipping and transportation vehicles used to transport goods to Amazon's retail customers and Prime loyalty program members via the interstate highway system and other roadways, thoroughfares, and other transportation channels throughout the United States, including in the State of Missouri—the

same transportation channels in which Prime Inc. has provided its services since 1980 under the PRIME INC. Marks—willfully and in conscious disregard of Prime Inc.'s exclusive rights as owner of the PRIME INC. Marks.

91.     Amazon's use of one or more of the confusingly similar Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce has caused and is likely to continue to cause confusion (including post-sale confusion), mistake, and/or deception among consumers and the general public as to whether some affiliation, connection, or association exists between Amazon and Prime Inc., and/or as to the origin, sponsorship, or approval of the parties' goods and/or services.

92.     Amazon's use of one or more of the confusingly similar Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce constitutes trademark and/or service mark infringement in violation of the common law of the State of Missouri.

93.     Amazon's unlawful acts described above have caused and, unless enjoined by the Court, will continue to cause substantial and irreparable harm to Prime Inc. and its business, reputation, and goodwill for which there is no adequate remedy at law.

94.     Amazon's unlawful acts described above are intentional, willful, and malicious.

95.     Prime Inc. is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, Amazon's profits, enhanced profits and damages, costs, and attorney's fees.

<u>**COUNT III**</u>
**Common Law Unfair Competition – All Defendants**

96.     Prime Inc. realleges and incorporates herein by reference all preceding allegations as though fully set forth herein.

97.     Prime Inc. is the owner of the PRIME INC. Marks and has used the PRIME INC. Marks continuously in commerce, including in the State of Missouri, for forty years in connection with the sale, offer for sale, marketing, advertising, and promotion of its transportation, trucking, and shipping services.

98.     Since approximately 2016 or 2017, Amazon has used one or more of the confusingly similar Accused Marks on trailer trucks and other shipping and transportation vehicles used to transport goods to Amazon's retail customers and Prime loyalty program members via the interstate highway system and other roadways, thoroughfares, and other transportation channels throughout the United States, including in the State of Missouri—the same transportation channels in which Prime Inc. has provided its services since 1980 under the PRIME INC. Marks—willfully and in conscious disregard of Prime Inc.'s exclusive rights as owner of the PRIME INC. Marks.

99.     Amazon's use of one or more of the confusingly similar Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce has caused and is likely to continue to cause confusion (including post-sale confusion), mistake, and/or deception among consumers and the general public as to whether some affiliation, connection, or association exists between Amazon and Prime Inc., and/or as to the origin, sponsorship, or approval of the parties' goods and/or services.

100.    Amazon's use of one or more of the confusingly similar Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce constitutes unfair competition in violation of the common law of the State of Missouri.

101.     Amazon's unlawful acts described above have caused and, unless enjoined by the Court, will continue to cause substantial and irreparable harm to Prime Inc. and its business, reputation, and goodwill for which there is no adequate remedy at law.

102.     Amazon's unlawful acts described above are intentional, willful, and malicious.

103.     Prime Inc. is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, Amazon's profits, enhanced profits and damages, costs, and attorney's fees.

<u>**COUNT IV**</u>
**Federal Trademark Dilution – 15 U.S.C. § 1125(c) – All Defendants**

104.     Prime Inc. realleges and incorporates herein by reference all preceding allegations as though fully set forth herein.

105.     Prime Inc. is the owner of the PRIME INC. Marks and has used and promoted the PRIME INC. Marks extensively and continuously in commerce throughout the United States for forty years in connection with the sale, offer for sale, marketing, advertising, and promotion of its transportation, trucking, and shipping services, and the PRIME INC. Marks have thereby become well known and famous symbols and identifiers of Prime Inc. and its services.

106.     Amazon's use of one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce has diluted and is likely to continue to dilute the distinctiveness of the PRIME INC. Marks by eroding the public's exclusive identification of these famous marks with Prime Inc., tarnishing and degrading Prime Inc.'s reputation and goodwill symbolized by the marks, and otherwise lessening the capacity of the marks to identify and distinguish goods and services.

107.     Amazon's use of one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce constitutes trademark and/or service mark dilution in violation of 15 U.S.C. § 1125(c).

108.     Amazon's unlawful acts described above have caused and, unless enjoined by the Court, will continue to cause substantial and irreparable harm to Prime Inc. and its business, reputation, and goodwill for which there is no adequate remedy at law.

109.     Amazon's unlawful acts described above are intentional, willful, and malicious.

110.     Prime Inc. is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, Amazon's profits, enhanced profits and damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1116, 1117, and 1125(c).

<u>**COUNT V**</u>
**Missouri Trademark Dilution – Mo. Rev. Stat. § 417.061 – All Defendants**

111.     Prime Inc. realleges and incorporates herein by reference all preceding allegations as though fully set forth herein.

112.     Prime Inc. is the owner of the PRIME INC. Marks and has used and promoted the PRIME INC. Marks extensively and continuously in commerce, including in the State of Missouri, for forty years in connection with the sale, offer for sale, marketing, advertising, and promotion of its transportation, trucking, and shipping services, and the PRIME INC. Marks have thereby become well known and famous symbols and identifiers of Prime Inc. and its services.

113.     Amazon's use of one or more of the Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce has diluted and is likely to continue to dilute the distinctiveness of the PRIME INC. Marks by eroding the public's exclusive identification of

these famous marks with Prime Inc., tarnishing and degrading Prime Inc.'s reputation and goodwill symbolized by the marks, and otherwise lessening the capacity of the marks to identify and distinguish goods and services.

114.    Amazon's use of the PRIME Word Mark on trailer trucks and other shipping and transportation vehicles in commerce constitutes trademark and/or service mark dilution in violation of Mo. Rev. Stat. § 417.061, notwithstanding the PRIME Registration, because the PRIME Registration was procured through fraud, as alleged in Count VI, and therefore is invalid.

115.    Amazon's use of the other, non-registered Accused Marks on trailer trucks and other shipping and transportation vehicles in commerce likewise constitutes trademark and/or service mark dilution in violation of Mo. Rev. Stat. § 417.061.

116.    Amazon's unlawful acts described above have caused and, unless enjoined by the Court, will continue to cause substantial and irreparable harm to Prime Inc. and its business, reputation, and goodwill for which there is no adequate remedy at law.

117.    Amazon's unlawful acts described above are intentional, willful, and malicious.

118.    Prime Inc. is entitled to preliminary and permanent injunctive relief pursuant to Mo. Rev. Stat. § 417.061.

## <u>COUNT VI</u>
**Cancellation of U.S. Registration No. 3,234,643 – Amazon Technologies**

119.    Prime Inc. realleges and incorporates herein by reference all preceding allegations as though fully set forth herein.

120.    As detailed above, in February 2005, Amazon Technologies represented to the USPTO in U.S. Application Serial No. 78/559,146 that it had a bona fide intent to use the PRIME Word Mark in connection with an "[e]xpedited shipping service" in Class 39.  (Ex. G.)

121.    Moreover, as detailed above, during the prosecution of U.S. Application Serial No. 78/559,146 and following the issuance of the PRIME Registration, Amazon Technologies repeatedly represented to the USPTO that it had a bona fide intention to use, and in fact was using, the PRIME Word Mark in commerce in connection with an "[e]xpedited shipping service for others" in Class 39.  (Exs. H–N.)

122.    In November 2005, during the prosecution of U.S. Application Serial No. 78/559,146, Amazon Technologies expressly "authorized" amending the description of the claimed services in Class 39 to encompass an "[e]xpedited shipping service **for others**."  In doing so, Amazon Technologies expressly represented to the USPTO that the amendment was "accurate" and that it had a bona fide intent to use the PRIME Word Mark in connection with such services "for others."  (Ex. I.)  On that basis, the USPTO examining attorney approved the application as being in condition for registration.

123.    In November 2006, Amazon Technologies represented to the USPTO in its Statement of Use under § 1(d) of the Lanham Act, 15 U.S.C. § 1051(d), that it was using the PRIME Word Mark in commerce in connection with an "[e]xpedited shipping service for others" under Class 39.  (Ex. K.)  Amazon Technologies repeated these representations to the USPTO in April 2013 in connection with its Declarations of Use and Incontestability under §§ 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and again in April 2017 in connection with its combined Declaration of Use and Application for Renewal under §§ 8 and 9 of the Lanham Act, 15 U.S.C. §§ 1058–59.  (Exs. M–N.)

124.     In reality, Amazon Technologies was not providing an "[e]xpedited shipping service" or any other transportation or shipping service under the PRIME Word Mark—let alone providing such a service "for others"—when it made the foregoing representations to the USPTO in November 2006 and April 2013.  Nor did Amazon Technologies have any bona fide intent to provide such services despite its contrary representations in February 2005 and November 2005.

125.     Amazon did not transport any goods, even to its retail customers and Prime loyalty program members, until approximately 2015, when it began transporting goods to such retail customers and Prime loyalty program members using trailer trucks and other shipping and transportation vehicles.

126.     Amazon did not use the PRIME Word Mark (or any other of the Accused Marks) on any trailer trucks or other shipping and transportation vehicles until 2016 or 2017 at the earliest.  Amazon therefore did not use the PRIME Word Mark in connection with any "[e]xpedited shipping service" until 2016 or 2017 at the earliest.

127.     Accordingly, Amazon Technologies' representations to the USPTO in November 2006 and April 2013 that it was using the PRIME Word Mark for an "[e]xpedited shipping service for others" were false.  Similarly, Amazon Technologies' representation to the USPTO in February 2005 that it had a bona fide intent to use the PRIME Word Mark for an "[e]xpedited shipping service," as well as its representation to the USPTO in November 2005 that it had a bona fide intent to use the PRIME Word Mark for an "[e]xpedited shipping service for others," were false.

128.     The specimens of use submitted by Amazon Technologies in November 2006 and April 2013 do not support Amazon Technologies' representations of use.  The specimen of use submitted by Amazon Technologies in support of its Statement of Use under § 1(d) of the

Lanham Act, 15 U.S.C. § 1051(d), in November 2006 does not describe or evidence any Class 39 services, including an "[e]xpedited shipping service" or any other transportation or shipping service. Rather, at most, this specimen shows use of the PRIME Word Mark in connection with a "[c]ustomer loyalty program services featuring rewards in the form of discounted shipping services" under Class 35. (Ex. K.) The specimen submitted by Amazon Technologies in April 2013 in connection with its Declarations of Use and Incontestability under §§ 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, likewise does not describe or evidence any Class 39 services, including an "[e]xpedited shipping service" or any other transportation or shipping service. Rather, at most, this specimen shows use of the PRIME Word Mark in connection with a "[c]ustomer loyalty program services featuring rewards in the form of discounted shipping services" under Class 35. (Ex. M.) Accordingly, rather than support Amazon Technologies' representations of use, these specimens further confirm the falsity of those representations, as well as the falsity of Amazon Technologies' statements in February 2005 and November 2005 regarding bona fide intent to use.

129. Additionally, all of Amazon Technologies' representations to the USPTO concerning its use of the PRIME Word Mark for an "[e]xpedited shipping service for others"— including its representation to this effect in April 2017, after Amazon began using the PRIME Word Mark on trailer trucks and other shipping and transportation vehicles—are false because Amazon Technologies has never, at any time, exhibited a bona fide use of the PRIME Word Mark in connection with an "[e]xpedited shipping service" or any other transportation or shipping service "for others"—i.e., primarily for the benefit of the public at large and separate from Amazon's principal activities of providing retail store or online retail store services and/or offering a related loyalty program.

130.     For an activity to constitute a separately registrable service under the Lanham Act, it must be done primarily for the benefit of others and be qualitatively different from anything necessarily done in connection with the sale of the applicant's or registrant's goods or the performance of another service.

131.     This principle is consistent with the USPTO examining attorney's requirement, in the August 31, 2005 Office Action in connection with the prosecution of U.S. Application Serial No. 78/559,146, for Amazon Technologies to add, "if accurate," the qualifier "for others" to the end of Amazon Technologies' original description of its Class 39 services.  (Ex. H.)  As noted above, Amazon Technologies expressly "authorized" this amendment, and thereby expressly represented to the USPTO that the amendment was "accurate" and that it not only intended to provide an "[e]xpedited shipping service," but to do so "for others."  (Ex. I.)

132.     Amazon has never offered or purported to offer any Class 39 services to the public at large, however, even after it began using the PRIME Word Mark on trailer trucks and other shipping and transportation vehicles.  To the extent that Amazon has recently begun transporting or shipping goods, it has done so only in furtherance of its principal activities of providing retail store or online retail store services and/or offering a related loyalty program.  Thus, any Class 39 services performed by Amazon are principally for its own benefit, not "for others."  Moreover, Amazon's act of transporting or shipping its own goods to its retail customers and Prime loyalty program members is not qualitatively different from anything necessarily done in connection with the sale of Amazon's own goods or the performance of its retail store or online retail store services.  Amazon's retail customers and Prime loyalty program members have no knowledge or choice as to whether Amazon utilizes its own shipping and transportation capabilities or those of another transport service provider to ship goods purchased

through the Amazon platform, and whatever benefit these customers and members may receive from Amazon's shipment or transportation of such goods is, at most, indirect and incidental.

133.    Accordingly, because Amazon has never offered Class 39 services primarily for the benefit of others and in a manner that is qualitatively different from anything necessarily done in connection with the sale of Amazon's goods or the performance of another service, the foregoing representations to the USPTO concerning use of the PRIME Word Mark for an "[e]xpedited shipping service **for others**" were and are false, regardless of Amazon's recent decision to begin transporting or shipping its own goods via trailer trucks and other shipping and transportation vehicles.

134.    Amazon Technologies made the foregoing false representations to the USPTO with knowledge of their falsity and with fraudulent intent to deceive the USPTO in order to obtain and renew the PRIME Registration with respect to Class 39 services and to achieve incontestability with respect to such services.  By virtue of the USPTO examining attorney's requirement that Amazon Technologies add the "for others" qualifier to its description of Class 39 services, "if accurate," Amazon Technologies knew that the PRIME Word Mark would not register unless it represented to the USPTO that the amendment was "accurate"—i.e., that Amazon Technologies intended to use, and in fact was using, the PRIME Word Mark for an "[e]xpedited shipping service for others."  Amazon has never used the PRIME Word Mark, and has never intended to use the PRIME Word Mark, in connection with Class 39 services "for others," including an "[e]xpedited shipping service for others."  At most, Amazon has used the PRIME Word Mark for Class 35 services relating to Amazon's customer loyalty program.  And the fact that Amazon Technologies via U.S. Application Serial No. 78/559,146 affirmatively sought registration for *both* Class 35 services relating to a "customer loyalty program" (which

included "discount[s]" on "shipping services") and the Class 39 "expedited shipping service for others" establishes that Amazon Technologies knew that the alleged Class 39 services extended beyond the Class 35 services—and therefore included transportation-based services, beyond its customer loyalty program services, that it simply was not providing at the time, and in fact has never provided "for others." Despite this, Amazon Technologies repeatedly represented to the USPTO—through the submission of specimens and statements of use—over the course of numerous years that the relevant description of Class 39 services, including the "for others" addition, was accurate and remained accurate, when in fact it was not—and Amazon Technologies knew it was not.

135. Amazon Technologies' fraudulent representations to the USPTO concerning its use of the PRIME Word Mark for an "[e]xpedited shipping service for others" were and are material because the USPTO relied on these representations in issuing and renewing the PRIME Registration with respect to Class 39 services and in granting incontestability with respect to such services. But for its fraudulent representations, Amazon Technologies would not have obtained or renewed the PRIME Registration with respect to Class 39 services, and would not have obtained incontestability with respect to such services. Indeed, as noted above, Amazon Technologies was on notice of this fact by virtue of the USPTO examining attorney's requirement that Amazon Technologies add the "for others" qualifier to its description of Class 39 services, "if accurate." Amazon Technologies knew that the PRIME Word Mark would not register for Class 39 services unless Amazon Technologies expressly (mis)represented to the USPTO that the amendment was "accurate."

136. The PRIME Registration—obtained and renewed as a result of Amazon Technologies' fraudulent representations described above—has caused and is continuing to

cause damage and injury to Prime Inc. The existence of the PRIME Registration interferes with Prime Inc.'s exclusive rights in the PRIME INC. Marks and Prime Inc.'s ability to obtain the benefits of federal registration of such marks. Indeed, as detailed above, the USPTO examining attorney cited the PRIME Registration as a basis for the refusal of Prime Inc.'s U.S. Application Serial No. 85/497,826 for the PRIME INC. Stylized Mark. In addition, as detailed above, the USPTO examining attorney cited Amazon Technologies' U.S. Application Serial Nos. 87/394,793, 87/394,812, 87/177,080, and 87/033,547 as bases for the refusal of Prime Inc.'s U.S. Application Serial No. 87/575,242 for the PRIME INC. Word Mark.

137.    If Amazon Technologies is permitted to retain the PRIME Registration, further damage and injury to Prime Inc. will result, as Amazon Technologies will continue to possess at least a prima facie exclusive right to use the PRIME Word Mark for Class 39 services, including an "[e]xpedited shipping service for others"—a right it fraudulently procured.

138.    Amazon Technologies is subject to a duty of candor when dealing with the USPTO. It knowingly and intentionally failed to comply with that duty in an attempt to obtain federal trademark protection that it has no legal entitlement to.

139.    For all of the foregoing reasons, Prime Inc. respectfully requests that the PRIME Registration be cancelled under § 37 of the Lanham Act, 15 U.S.C. § 1119.

## REQUEST FOR RELIEF

WHEREFORE, Prime Inc. respectfully request a judgment against Amazon as follows:

(a)    A judgment that Amazon has engaged in unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of the State of Missouri;

(b)    A judgment that Amazon has infringed the PRIME INC. Marks in violation of the common law of the State of Missouri;

(c)     A judgment that Amazon has engaged in trademark and/or service mark dilution in violation of 15 U.S.C. § 1125(c) and Mo. Rev. Stat. § 417.061;

(d)     An order directing the cancellation of U.S. Registration No. 3,234,643 pursuant to 15 U.S.C. § 1119;

(e)     A preliminary and permanent injunction restraining Amazon, its officers, directors, principals, employees, agents, attorneys, representatives, affiliates, and all persons in active concert or participation with one or more of them, from further use of the Accused Marks or any other mark that incorporates, is identical to, or is otherwise confusingly similar to or dilutive of the PRIME INC. Marks on or in connection with trailer trucks or other shipping or transportation vehicles;

(f)     An award of all monetary damages to which Prime Inc. is entitled by law for Amazon's past and continuing infringement of the PRIME INC. Marks and past and continuing acts of dilution and unfair competition, including the greater of three times Amazon's profits or three times any damages sustained by Prime Inc. on account of Amazon's acts of infringement, dilution, and unfair competition, and an order requiring a full accounting of the same;

(g)     An award of Prime Inc.'s costs incurred in bringing and prosecuting this action;

(h)     A finding that this is an exceptional case pursuant to 15 U.S.C. § 1117(a) and an award of Prime Inc.'s attorneys' fees incurred in bringing and prosecuting this action;

(i)     An assessment of pre- and post-judgment interest on the damages awarded; and

(j)     Any other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Prime Inc. hereby demands a jury trial on all issues so triable.

Date: August 14, 2020                    Respectfully submitted,

                                          LATHROP GPM LLP

                                          By:  */s/ Travis W. McCallon*
                                               Travis W. McCallon, MO # 56979
                                               Luke M. Meriwether, MO # 59915
                                               Eric D. Sidler, MO # 69531
                                               Timothy J. Hadachek, MO #70985
                                               2345 Grand Boulevard, Suite 2200
                                               Kansas City, MO 64108
                                               Telephone: (816) 292-2000
                                               Facsimile: (816) 292-2001
                                               travis.mccallon@lathropgpm.com
                                               luke.meriwether@lathropgpm.com
                                               eric.sidler@lathropgpm.com
                                               timothy.hadachek@lathropgpm.com

                                               *Attorneys for Plaintiff*


<u>CERTIFICATE OF SERVICE</u>

        The undersigned hereby certifies that on August 14, 2020, a true and correct copy of the above and foregoing was filed with the Clerk of Court via the CM/ECF system with service upon all counsel of record via the Notice of Electronic Filing.

                                          */s/ Travis W. McCallon*
                                          *Attorneys for Plaintiff*