IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

NEW PRIME, INC., d/b/a PRIME, INC., )
                                   )
        **Plaintiff,**           )
                                   )
        vs.                       )      Case No. 6:19-cv-03236-MDH
                                   )
AMAZON TECHNOLOGIES, INC.,    )
et al.,                                )
                                   )
        **Defendants.**     )

## ORDER

Before the Court is defendant Amazon's Motion to Strike or Exclude. (Doc. 239). On April 28, 2021, the Court conducted a telephone conference on the parties' discovery dispute relating to witnesses disclosed by Prime before the end of discovery which Amazon alleges are new and untimely. The Court heard oral argument and reviewed the parties' submissions and after consideration of the record extended the discovery deadline *for all parties* by 90 days to afford Amazon the opportunity to depose or follow up on the recently disclosed witnesses. The Court also lifted the 10 deposition limit. After the Court entered its ruling, Amazon filed its motion to strike reiterating its arguments regarding the additional depositions and discovery issues. As referenced by Amazon, during the telephone conference the Court indicated Amazon was free to file a motion on the issues raised during the telephone conference if it desired. The motion has now been fully briefed and is ripe for review.

Amazon's motion moves the Court to strike or exclude 35 fact witnesses that it contends have been untimely disclosed. Amazon's motion states it "seeks relief not specifically addressed by the Docket Order, as well as clarification regarding the scope of relief to be granted in response

to Prime's disclosure failure." (Doc. 239). This Court does not find any relief sought in the pending motion that was not previously raised by Amazon during the prior telephone conference or the written submissions.[1] Further, Amazon's motion states it seeks clarification of the Court's Order. This motion was filed prior to the Court's subsequent telephone conference with the parties where the Court provided Amazon with what it believes was the requested clarification. (Docs. 241 and 242).[2] The Court's prior rulings denied Amazon's request to strike Prime's additional witnesses, provided a 90 day extension of the discovery deadline for all parties, and allowed Prime to designate an additional Rule 30(b)(6) witness as set forth in the prior Orders. It is clear from the record and the subsequent telephone hearing that Amazon believed, for some reason unknown to the Court, that the discovery deadline was only extended for Amazon. However, it should be clear now that the discovery deadline extension applies to both parties – including discovery regarding the witnesses recently identified by Amazon.

Amazon's argument, as previously heard by the Court but now set forth in 20 pages of theatrical argument, is that Prime's trademark infringement claims require it to prove that its potential class of customers is likely to confuse Amazon's PRIME-branded trailers with Prime's purported "Prime inc." trademark. Amazon states that courts may consider actual confusion as evidence of likelihood of confusion. The Court will not reiterate the lengthy arguments raised by Amazon's brief, but in essence Amazon argues it has somehow been prejudiced by the recent disclosures of Prime regarding the confusion issue and witnesses to the same. Amazon argues the previously disclosed Prime call logs are hearsay and should be excluded from evidence. It argues Prime should not be allowed to identify witnesses late in the discovery process to substantiate the

---

[1] Amazon does move, for this first time, for all expenses associated with its motion and the depositions to be paid by Prime. This request is denied.
[2] The hearing and subsequent Order occurred the day after Amazon filed its motion.

call logs. Amazon accuses Prime of "sandbagging" and throughout its brief uses numerous generalities, charged language, and in this Court's opinion outrageous comparisons that fall below what the Court expects for the level of professionalism within the U.S. District Courts. The Court further notes Amazon's briefing attempts to belittle opposing counsel and Prime's case in a manner which neither enhances Amazon's position nor makes its legal arguments (that have already been presented to the Court and ruled upon) any more persuasive. What Amazon does not do in the briefing is explain how any of this alleged prejudice is not addressed by the relief the Court provided it by extending discovery and lifting the deposition limit.

The Court has again reviewed the record before it and finds no evidence to support exclusion of the witnesses. Amazon has long had knowledge of the call logs throughout this case and the witnesses identified therein. Apparently, Amazon was hoping the call logs would be excluded on a hearsay objection. It now moves the Court to strike the witnesses that may provide the foundation for evidence to avoid its hearsay objection. Further, while the discovery deadline was nearing the end, it had not yet closed when Prime disclosed the witnesses disclosed in the call logs might be called as witnesses. The Court granted the 90 day extension of discovery for Amazon to conduct additional depositions or discovery in order to avoid prejudice to Amazon. Further, the record indicates Amazon has also supplemented its discovery disclosing two additional witnesses shortly prior to the discovery deadline. All these disclosures were made prior to the discovery deadline. Prime should be afforded the opportunity to depose or follow up on these witnesses. To avoid any prejudice to any party the Court, in its broad discretion, granted an additional 90 days for discovery to allow all parties to finalize discovery on these issues.

The Court finds Amazon's references to cases citing instances of disclosures after the discovery deadline, or on issues never even raised during discovery, unpersuasive. The Court has

broad discretion under Fed. R. Civ. P. 26. *See e.g. Pavlik v. Cargill, Inc.,* 9 F.3d 710, 714 (8th Cir. 1993) ("The trial court has broad discretion to decide discovery motions and we will not disturb such a ruling absent a gross abuse of discretion affecting the fundamental fairness of the trial."). Here, the witnesses Amazon seeks to exclude were disclosed prior to the discovery deadline and as the Court has set forth herein the Court has granted relief in order to eliminate any prejudice for the disclosures occurring near the end of the previous deadline.

Here, Amazon cannot claim that they were "ambushed" by the confusion evidence now being raised. The call logs include reference to most all of Prime's witnesses and were identified months ago. All those that are claimed to be "newly" disclosed were identified before discovery closed – similar to Amazon's supplemental disclosures prior to discovery closing. The Court believes the additional period of time for discovery eliminates any alleged prejudice suffered by either parties' disclosure of witnesses late in the previous discovery period. The Court further believes allowing the witnesses, and also providing additional time for discovery, including possible depositions of the witnesses, is in the best interest of justice. The Court finds justice will be served by the Court's consideration of the testimony of these lately disclosed witnesses.

Wherefore, for the reasons stated herein, Amazon's Motion to Strike is **DENIED.** The Court shall issue a subsequent Order regarding the remaining deadlines in this case consistent with the Court's prior Order. The Court's Order extending the discovery deadlines *for all parties* by 90 days is effective from the date of this Order.

**IT IS SO ORDERED.**

DATED: May 28, 2021

                                                 */s/ Douglas Harpool*
                                                 **DOUGLAS HARPOOL**
                                                 **UNITED STATES DISTRICT JUDGE**